**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

VIVEK SHAH                                                                                  PLAINTIFF
Reg. #43205-422

v.                              Case No. 2:15-cv-00044-KGB

UNITED STATES DEPARTMENT OF JUSTICE *et al.*                    DEFENDANT

## OPINION AND ORDER

On March 27, 2015, *pro se* plaintiff Vivek Shah filed this action against the United States

Department of Justice ("DOJ") and the Bureau of Prisons ("BOP") asserting claims under the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a

(Dkt. No. 2).  Mr. Shah's complaint arises from five FOIA requests he made to the BOP from

September 2014 through November 2014 (*Id.* at 2).  Mr. Shah alleges that he has a legal right

under FOIA to obtain the documents he seeks in his various requests and that the BOP has

deprived him of that right.

Now before the Court is defendants' motion for summary judgment (Dkt. No. 16).  Mr.

Shah has not responded to the motion.  For the reasons set forth below, the Court grants

defendants' motion for summary judgment (Dkt. No. 16).  The Court enters judgment in favor of

defendants and dismisses with prejudice Mr. Shah's claims.

### I.        Factual Background

Unless otherwise noted by citation, the following facts are taken from defendants'

statement of undisputed facts submitted in support of their motion for summary judgment (Dkt.

No. 17).  Because Mr. Shah has not responded to defendants' motion for summary judgment, and

has not proffered a statement of facts or contested any of defendants' stated facts, pursuant to

Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56.1(c), the Court deems admitted the facts set forth in defendants' statement of undisputed facts.

On November 18, 2014, the BOP received a request under FOIA from Mr. Shah requesting a list of inmate names and identification numbers of inmates who had been convicted of 18 U.S.C. §§ 875(b), 875(c), 876(b) or 876(c) who had been incarcerated in the Federal Correctional Complex ("FCC") Forrest City Camp (Dkt. No. 17, Ex. A, ¶ 4).  The request was identified as 2015-01335 (*Id*).  The BOP sent a response to Mr. Shah on December 3, 2014, stating that his request was denied because the BOP did not provide lists of inmates (*Id.*, ¶ 5).  There is no record in the BOP FOIA database that Mr. Shah filed any appeal of the denial of request 2015-01335 (*Id.*, ¶ 6).

On November 18, 2014, the BOP received a FOIA request from Mr. Shah seeking the latest copy of a report made by the American Correctional Association based on its evaluation of FCC Forrest City-Low (*Id.*, ¶ 7).  This request was identified as 2015-01334 (*Id.*).  On November 26, 2014, the BOP sent a response to Mr. Shah indicating that it would need an extension of time to acquire and review the information requested based on "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." (*Id.*, Attachment 5, ¶ 8).  On June 29, 2015, the BOP responded to Mr. Shah's request (*See* Dkt. No. 17, Ex. A, ¶ 10).  The response included the production of 29 pages of responsive documents, 24 pages of which were redacted and five pages of which were un-redacted (*Id.*, ¶¶ 11-12).  There is no record in the BOP FOIA database that Mr. Shah filed any appeal of the denial of request 2015-01334 (*Id.*, ¶ 13).

On September 10, 2014, the BOP received a FOIA request from Mr. Shah seeking a list of all inmates who have been held at low-security institutions after being sentenced for crimes of

violence (*Id.*, ¶ 14).  This request was identified as 2014-09549 (*Id.*).  On September 12, 2014, the BOP sent a response to Mr. Shah indicating that it would need an extension of time to acquire and review the information requested based on "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." (*Id.*, Attachment 8, ¶ 15).  On January 13, 2015, the BOP responded to Mr. Shah's request (*See* Dkt. No. 17, Ex. A, ¶ 17).  In response, the BOP noted that it "does not maintain records or track data in the manner that you have described" and that "FOIA does not require federal agencies to create records in response to a FOIA request[;] instead it requires agencies to provide access to reasonably described, nonexempt, existing agency records." (*Id.*, ¶ 18).  There is no record in the BOP FOIA database that Mr. Shah filed any appeal of the denial of request 2014-09549 (*Id.*, ¶ 19).

On November 10, 2014, the BOP received a FOIA request from Mr. Shah seeking the FOIA Exempt section of his BOP Central File (*Id.*, ¶ 20).  This request was identified as 2015-01053 (*Id.*).  On November 14, 2014, the BOP responded to Mr. Shah's request indicating that he could review his central file and request copies of the documents he wanted (*Id.*, ¶ 21).  On January 10, 2015, the BOP received Mr. Shah's appeal of FOIA request 2015- 01053 (*Id.*, ¶ 22).  The BOP responded to Mr. Shah's appeal on March 19, 2015 (*Id.*, ¶ 23).  In its response, the BOP identified four pages of documents that were responsive to Mr. Shah's request; however, only one page was released because the remaining three pages of documents were exempt from disclosure due to privacy and personal security concerns (*Id.*).

On October 20, 2014, the BOP received a FOIA request from Mr. Shah seeking the total number of inmates at Federal Correctional Institution Milan for each year from 2010 through 2014 who were provided with more than six months of pre-release Residential Reentry Center

("RRC") placement and the reason given for the most recent 20 inmates who were provided with more than six months of pre-release RRC placement (*Id.*, ¶ 24).  This request was identified as 2015-00571 (*Id.*).  On October 22, 2014, the BOP responded to Mr. Shah's request, noting that "documents responsive to your request must be searched for and collected from a field office," which would require additional time to collect (*Id.*, Attachment 15, ¶ 25).

The BOP sent a second letter to Mr. Shah on February 11, 2015, that the request was still being processed, noting that the BOP receives a large number of requests and that requests are processed on a first in, first out basis (*See* Dkt. No. 17, Ex. A, Mack Decl., ¶ 26).  The BOP responded to Request 2015-00571 on February 24, 2015 (*Id.*, ¶ 27).  The BOP granted the request in part but denied certain aspects of the request due to privacy and personal security concerns (*Id.*, ¶ 28).  Mr. Shah was sent 32 pages of information responsive to the request, including two pages in full and 30 pages released in part (*Id.*).  Mr. Shah appealed this response, and the BOP responded to the appeal on July 23, 2015 (*Id.*, ¶ 29).  In its response to the appeal, the BOP reiterated its basis for withholding certain information pursuant to certain exemptions (*Id.*).

## II.     Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact in dispute and that the nonmoving party is entitled to entry of judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law."

*Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).   However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.   *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).   The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.   *Celotex Corp.*, 477 U.S. at 323.   The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.   *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008).   "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.   Analysis

Mr. Shah filed this action against the DOJ and the BOP asserting claims under the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a (Dkt. No. 2).   Defendants argue that, of Mr. Shah's five FOIA requests giving rise to this lawsuit, he has failed to exhaust his administrative remedies as to three of them and has been provided with the information he requested as to the other two, except the information requested that is exempt from disclosure and which the BOP cannot produce (Dkt. No. 18, at 1).

### A.   Exhaustion Of Administrative Remedies

Defendants contend that Mr. Shah has failed to exhaust his administrative remedies as to FOIA Request Nos. 2015-01335, 2015-01334, and 2014-09549 (*Id.*, at 4).   Exhaustion of administrative remedies is a prerequisite to suit under the FOIA.   *Brumley v. U.S. Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).   Defendants represent that they have reviewed the BOP FOIA database and that database shows that Mr. Shah did not file an appeal of the denials of Request Nos. 2015-01335, 2015-01334, or 2014-09549 (Dkt. No. 18, at 4).

To obtain access to government records under the FOIA, two requirements must be met: (1) a reasonable description of the records must be made; and (2) the requestor must comply with the agency's published FOIA rules.  5 U.S.C. § 552(3)(A).  The BOP's regulations setting forth requirements for FOIA requests are at 28 C.F.R. § 513.60-68.  Among those requirements, the requester must appeal any adverse decision regarding the request to exhaust administrative remedies.  28 C.F.R. § 513.66.  The appeal process requires:  "The requester who has been denied such access shall be advised that he or she may appeal that decision to the Office of Information and Privacy, U.S. Department of Justice, Suite 570, Flag Building, Washington, D.C. 20530."  28 C.F.R. § 513.66.  To exhaust administrative remedies, an inmate must appeal any adverse decisions regarding a FOIA request.  *Read v. United States*, No. 2:15-cv-00101, 2015 WL 4196832, at *2 (E.D. Ark. July 10, 2015).

In his complaint, Mr. Shah asserts that he has exhausted his administrative remedies because the BOP failed to comply with statutory time limits under 5 U.S.C. § 552(a)(6)(C) (Dkt. No. 2, ¶ 7).  5 U.S.C. § 552(a)(6)(C)(i) states that :

> Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.  If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.  Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request.  Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.

The operative "time limit provisions" as stated in the 5 U.S.C. § 552(a)(6)(C)(i) are found in 5 U.S.C. § 552(a)(6)(A):

> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—

(i)      determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

(ii)    make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.  If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

The 20-day period under clause (i) shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section.  The 20-day period shall not be tolled by the agency except—

(I)     that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section; or

(II)    if necessary to clarify with the requester issues regarding fee assessment. In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

With respect to Request No. 2015-01335, defendants represent that the BOP responded to Mr. Shah's request with a denial on December 3, 2014, having received Mr. Shah's request on November 18, 2014 (Dkt. No. 17, ¶¶ 1-2).  Therefore, the BOP responded within 20 days as required by 5 U.S.C. § 552(a)(6)(A).

With respect to Request No. 2015-01334, defendants state that the BOP received the request on November 18, 2014, and the BOP sent a response on November 26, 2014, indicating that the BOP needed more time to acquire the information because the records had to be collected from field facilities or a separate office (Dkt. No. 17, ¶¶ 7-9).  Under 5 U.S.C. §

552(a)(6)(B), an agency may give a requester notice of the need for an extension in unusual circumstances, including "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request."  5 U.S.C. § 552(B)(iii)(I).  That is what the BOP did in this case with Request No. 2015-01334.  On June 29, 2015, the BOP responded to Mr. Shah's request (*See* Dkt. No. 17, Ex. A, ¶ 10).  The BOP complied with the applicable time provisions with regard to this request.

Similarly, the BOP responded to Request No. 2014-09549 on September 12, 2014, after having received it on September 10, 2014, and the BOP gave notice of the need for an extension of time to obtain records from a different location (Dkt. No. 17, ¶¶ 14-15).  On January 13, 2015, the BOP responded to Mr. Shah's request (*See* Dkt. No. 17, Ex. A, ¶ 17).  In its response, the BOP noted that it "does not maintain records or track data in the manner that you have described" and that the "FOIA does not require federal agencies to create records in response to a FOIA request[;] instead it requires agencies to provide access to reasonably described, nonexempt, existing agency records." (*Id.*, ¶ 18).  There is no record in the BOP FOIA database that Mr. Shah filed any appeal of this denial of request 2014-09549 (*Id.*, ¶ 19).

Accordingly, the BOP complied with the FOIA in its responses to Mr. Shah, and Mr. Shah failed to exhaust his administrative remedies because he did not appeal the denials of his requests, with respect to Request Nos. 2015-01335, 2015-01334, and 2014-09549.  The Court finds that, based upon the applicable regulations, Mr. Shah did not exhaust his administrative remedies as to Request Nos. 2015-01335, 2015-01334, and 2014-09549 and that, therefore, his claims pertaining to these requests are not properly presented to this Court.  The Court grants defendants' motion for summary judgment on this basis with respect to Request Nos. 2015-01335, 2015-01334, and 2014-09549.

## B.    Completions Of Requests And Exemptions

Defendants also maintain that they are entitled to summary judgment on all of Mr. Shah's claims because the BOP responded to each of his requests (Dkt. No. 18, at 6).   There are several recognized exemptions that prohibit the release of certain information and types of information. Records or information compiled for law-enforcement purposes need not be disclosed under the FOIA if their production "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).   Further, 28 C.F.R. § 513.34(b) specifically forbids the BOP from producing lists of inmates, stating that "[l]ists of Bureau inmates shall not be disclosed."   Controlling Eighth Circuit Court of Appeals case law also holds that "[i]t is not necessary to create a document that does not exist in order to satisfy a FOIA request."  *Miller v. U.S. Dept. of State,* 779 F.2d 1378, 1385 (8th Cir. 1985).

Article III of the United States Constitution requires that federal courts rule only on actual cases or controversies.  *See Ayyoubi v. Holder*, 712 F.3d 387, 391 (8th Cir. 2013).   When the controversy between the parties ends, so too ends the court's power to hear the case.  *Id.*; *see also Minnesota Humane Society v. Clark,* 184 F.3d 795, 797 (8th Cir. 1999) ("A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action.").   In the context of the FOIA, it is widely accepted that, "[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot."  *Anderson v. U.S. Dep't of Health & Human Servs.,* 3 F.3d 1383, 1384 (10th Cir. 1993); *see also Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) (same); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts

have no further statutory function to perform.").  The Court will examine each of Mr. Shah's FOIA requests, and defendants' responses, in turn.

As previously discussed, on November 18, 2014, the BOP received a FOIA request from Mr. Shah, Request No. 2015-01335, which asked for a list of inmate names and identification numbers that had been convicted of 18 U.S.C. §§ 875(b), 875(c), 876(b) or 876(c) who had been incarcerated at the FCC Forrest City Camp (Dkt. No. 17, ¶ 1).  In response, the BOP FOIA Section sent a letter to Mr. Shah on December 3, 2014, stating that his request was denied because the BOP did not provide lists of inmates (Dkt. No. 17, Ex. A, ¶ 5).  The response noted that "[i]nformation that concerns an individual and is contained in a system of records maintained by the BOP shall not be disclosed to any person, or to another agency except under the provisions of the Privacy Act, 5 U.S.C., 552a, the Freedom of Information Act, 5 U.S.C. 552, and Departmental Regulations" (*Id.*).  The FOIA mandates disclosure of a federal agency's records unless they fall within specific exemptions.  *Dep't of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 7 (2001).

Even if Mr. Shah had exhausted his administrative remedies as to this request, which he did not, this request was still improper because the information Mr. Shah requested in Request No. 2015-01335 fell within the scope of a FOIA exemption.  The BOP denied Request No. 2015-01335 based upon the legitimate agency interest of maintaining the privacy of individuals' records pursuant to applicable statutes and regulations.  Because this request was not a proper request under the FOIA, the Court finds that defendants have complied with Request No. 2015-01335 by sending a timely written denial to Mr. Shah explaining why the request would not be completed.

On November 18, 2014, the BOP received a FOIA request from Mr. Shah seeking the latest copy of the report made by the American Correctional Association for their evaluation of FCC Forrest City (Low) (Dkt. No. 17, ¶ 7). This request was identified as 2015-01334 (*Id.*). After notifying Mr. Shah of the need for an extension, as is provided for by the controlling regulations and statutes, the BOP responded to Mr. Shah's request on June 29, 2015 (*Id.*, ¶¶ 8-10). In the response, Mr. Shah was provided with 29 pages of responsive information (*Id.*, ¶ 11). Mr. Shah received 24 redacted pages and 5 un-redacted pages along with a page explaining statutory exemptions which justified the redactions (*Id.*, ¶ 12). While the response was sent several months after his request was made, defendants contend that Mr. Shah received the information he requested.

The BOP has produced the documents requested with the actual names and register numbers of the inmates redacted due to the privacy concerns described in the 5 U.S.C. §§ 552(b)(6) and 552(b)(7)(C) exemptions. The Court finds that Mr. Shah's request has been answered and that his claim based on Request No. 2015-01334 is now moot.

On September 10, 2014, the BOP received another FOIA request from Mr. Shah, Request No. 2014-09549, seeking the lists of all inmates who have been held at low security institutions after having been sentenced for crimes of violence (Dkt. No. 17, ¶ 14). Defendants contend that, after notifying Mr. Shah of the need for an extension of time, the BOP responded to his request on January 13, 2015 (*Id.*, ¶¶ 15-17). In the response, the BOP denied the request because the "FOIA does not require federal agencies to create records in response to a FOIA request[;] instead it requires agencies to provide access to reasonably described, nonexempt, existing agency records. The Bureau of Prisons does not maintain records or track data in the manner [Mr. Shah had] described." (*Id.*, ¶ 18).

Defendants assert that, based on the facts, the BOP conducted a reasonable search and responded that the information sought by Mr. Shah was not maintained by the agency. The Court finds that defendants fulfilled their requirements under the FOIA pertaining to Request No. 2014-09549.

On November 10, 2014, the BOP received a FOIA request, Request No. 2015-01053, from Mr. Shah seeking a section of his BOP Central File that is exempt from FOIA (Dkt. No. 17, ¶ 20). On November 14, 2014, the BOP sent a letter to Mr. Shah indicating that he could review his central file and request copies of the documents he wanted (*Id.*, ¶ 21). On January 10, 2015, the BOP received Mr. Shah's appeal of FOIA Request No. 2015-01053 (*Id.*, ¶ 22). The BOP responded to Mr. Shah's appeal on March 19, 2015 (*Id.*, ¶ 23). The BOP determined that there were four pages of documents responsive to Mr. Shah's FOIA request; however, the BOP also determined that only one of those pages could be released because the others were exempt from disclosure due to privacy and personal security concerns (*Id.*).

The BOP contends that it has responded to Mr. Shah's request; therefore, the BOP maintains that his claim related to Request No. 2015-01053 is moot. *See Ayyoubi*, 712 F.3d at 391. The Court finds that defendants have provided Mr. Shah with the information requested in Request No. 2015-01053 and that Mr. Shah's claim under this request is now moot.

On October 20, 2014, the BOP received another FOIA request from Mr. Shah, Request No. 2015-00571, seeking the total number of inmates, for each year, who were provided with more than six months of pre-release RRC placement and the reason given for the most recent 20 inmates who were provided with more than six months of pre-release RRC placement at FCI Milan from 2010 to 2014 (Dkt. No. 17, ¶ 24). After notifying Mr. Shah of the need for additional time to respond, the BOP responded to Mr. Shah's request on February 24, 2015 (*Id.,*

¶¶ 25-27).   In its response, the BOP granted the request in part but denied certain aspects due to privacy and personal security concerns (*Id.*, ¶ 28).   Mr. Shah was sent a total of 32 pages of information responsive to the request (*Id.*).   Mr. Shah argues that he was not satisfied with this response because it did not include the reasons for the most recent 20 decisions regarding inmate RRC placement, and he appealed this decision (*Id.*, ¶ 29).

The BOP responded to his appeal on July 23, 2015, noting that the BOP's decision to withhold certain information was pursuant to the following exemptions:  5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and 5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual (*Id.*).   Additionally, the BOP noted in its response to Mr. Shah that it does not keep records of the variety sought by Mr. Shah with regard to the most recent 20 inmates to receive RRC placement.

The Court finds that the BOP responded to Mr. Shah's Request No. 2015-00571 with responsive documents while withholding only the information that was exempt from FOIA under controlling law.   Based upon the foregoing case law and regulations, the Court finds that defendants properly and timely produced all the non-exempt information requested by Mr. Shah in regard to Request No. 2015-00571.

**IV.**     **Conclusion**

In sum, the Court finds that, when viewed in the light most favorable to Mr. Shah, there is no genuine issue of material fact in dispute and that defendants are entitled to entry of judgment as a matter of law.   Therefore, the Court grants defendants' motion for summary judgment on Mr. Shah's claims (Dkt. No. 16).   The Court dismisses with prejudice these claims.

So ordered this 7th day of July, 2016.

Kristine G. Baker
United States District Judge